UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
246 SEARS ROAD CORPORATION

                             Plaintiff/Counter-Defendant,

          -against-

EXXON MOBIL CORPORATION,

                             Defendant/Counter-Claimant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-889 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiff/Counter-Defendant 246 Sears Road Corporation's objection to Magistrate Judge Joan M. Azrack's Report and Recommendation ("R&R") advising that the court award Defendant/Counter-Claimant Exxon Mobil Corporation $66,403.98—comprised of $62,805.31 in attorneys' fees and $3,598.67 in costs—in connection with Plaintiff's unsuccessful motion to compel certain discovery. For the reasons set forth below, the R&R is ADOPTED in its entirety.

I.    **BACKGROUND**

One skirmish amongst many in this long-running litigation concerns Plaintiff's motion to compel filed on December 21, 2010. (See Mot. to Compel (Dkt. 29).) As reflected at a telephonic conference held before Judge Azrack (see Nov. 15, 2010, Scheduling Order), Defendant simultaneously filed (1) an opposition to Plaintiff's motion to compel (Dkt. 43); (2) a motion to strike an expert affidavit submitted with Plaintiff's motion to compel (Dkt. 35); and (3) a motion for a protective order preventing further unauthorized depositions and discovery (Dkt. 36). Defendant also sought attorneys' fees and costs associated with all of their submissions. (See Mot. to Compel Opp'n at 23-24; Mot to Strike Mem. (Dkt. 38) at 23-24; Mot.

1

for Protective Order at 2.) Plaintiff did not oppose these fee applications. (See Apr. 1, 2011, Mem. & Order (Dkt. 44) at 14.)

On April 1, 2011, Judge Azrack denied Plaintiff's motion to compel, granted Defendant's motion to strike, and granted Defendant's motion for a protective order. (Id.) As relevant here, Judge Azrack granted Defendant's application for attorneys' fees and costs, stating, "[a]s the prevailing party on the instant motions, defendant is therefore entitled to the reasonable attorneys' fees and costs incurred in defending against plaintiff's motion to compel." (Id. at 14.) This order encompassed Defendant's request for sanctions relating to all of its submissions. (Id.; see also id. at 10 n.5 (noting that "Defendant also requests all costs and fees, including attorneys' fees, associated with the making of [its motion for a protective order]" and cross-referencing its discussion of "Defendant's request for costs and fees associated with *each of the instant motions*" (emphasis added)).)

Plaintiff appealed Judge Azrack's decision, and after extensive briefing, on October 9, 2012, the court denied Plaintiff's appeal and upheld the entirety of Judge Azrack's April 1, 2011, Memorandum and Order. (Oct. 9, 2012, Mem. & Order (Dkt. 87).) In doing so, the court noted that Plaintiff had failed to oppose Defendant's application for attorneys' fees and costs before Judge Azrack, adding, "[i]n any case, it was not clear error to impose the sanction envisioned for protracted discovery disputes, particularly where the parties and Judge Azrack had already spent a year considering the discovery issue." (Id. at 6 (citing Fed. R. Civ. P. 37(a)(5)(B)).)

Thereafter, Defendant submitted documentation in support of its request for attorneys' fees and costs (see Kaufman Aff. (Dkt. 92)), to which Plaintiff responded (Dkt. 96). The court referred Defendant's application to Judge Azrack for an R&R. (Jan. 17, 2013, Order (Dkt. 95).)

On July 26, 2013, Judge Azrack issued her R&R, recommending that the court award Defendant $66,403.98, comprised of $62,805.31 in attorneys' fees and $3,598.67 in costs. (R&R (Dkt. 102).) Specifically, Judge Azrack granted Defendant's request for the fees and costs it incurred in connection with all of its submissions filed in connection with Plaintiff's motion to compel, i.e., its own motion for a protective order, its motion to strike the expert affidavit, and its opposition to Plaintiff's appeal of Judge Azrack's April 1, 2011, decision. (Id. at 6-7.)

On August 9, 2013, Plaintiff timely objected to Judge Azrack's R&R, offering three specific objections: (1) Judge Azrack erred by awarding attorneys' fees beyond the scope of those authorized by her April 1, 2011, decision; (2) Judge Azrack improperly awarded fees at a rate above $125 per hour, the rate put forward by Plaintiff; and (3) certain work performed by Defendant's attorneys was redundant and unnecessary. (Pl. Obj. (Dkt. 104).)

## II. STANDARD OF REVIEW

The standard of review of a magistrate judge's report and recommendation depends upon the parties' objections. The court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05-CV-5579 (DLC), 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## III. DISCUSSION

If a motion to compel discovery filed under Federal Rule of Civil Procedure 37 is denied, "the court may issue any protective order authorized under Rule 26(c) and must . . . require the

3

movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses *incurred in opposing the motion*, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). As the Supreme Court has recently explained in a related context, a party is entitled to the "costs that [the party] would not have incurred but for" the attorney's conduct; the "dispositive question is . . . whether the costs would have been incurred in the absence" of the misconduct. Fox v. Vice, --- U.S. ---, 131 S.Ct. 2205, 2216 (2011); accord Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC, 2013 WL 3322249, at *3 (TPG) (FM) (S.D.N.Y. July 2, 2013) (magistrate judge's memorandum decision and order).

A.  **Scope of the Award**

Plaintiff's principal contention is that Judge Azrack erred by awarding Defendant fees and costs beyond those relating to its opposition to the motion to compel. Plaintiff argues that the costs concerning Defendant's (1) motion for a protective order; (2) motion to strike the expert report; and (3) opposition to Plaintiff's appeal of Judge Azrack's April 1, 2011, decision cannot be included because they are beyond the scope of Judge Azrack's discovery decision and this court's order denying Plaintiff's appeal. (See Pl. Obj. at 2-4, 5-6.) It is mistaken.

First, the circumstances surrounding the April 1, 2011, Memorandum and Order indicate that Defendant was to receive its costs and fees incurred in connection with all of its relevant filings. In each submission, Defendant placed Plaintiff on notice by requesting such relief. (See Mot. to Compel Opp'n at 23-24 (seeking its "attorneys' fees and costs in defending against this motion"); Mot to Strike Mem. at 23-24 (same); Mot. for Protective Order at 2 (requesting "all costs and fees, including attorneys' fees, associated with this motion").) Plaintiff did not oppose these applications. (See Apr. 1, 2011, Mem. & Order at 13 ("Plaintiff does not contest

defendant's motion [for fees and costs], nor does it cross-mo[ve] for collection of its own fees.").) By awarding everything Defendant had requested—and by not denying any form of requested relief—Judge Azrack granted Defendant's application for its costs and fees incurred in connection with its motion for a protective order, its motion to strike, and its opposition to Plaintiff's motion to compel.

Indeed, reading the April 1, 2011, Memorandum and Order as a whole, it is apparent that Judge Azrack decided to award (and sufficiently communicated to the parties) comprehensive sanctions. (See, e.g., id. at 2, 15 (ordering that "defendant's motion for attorneys' fees and costs is granted to the extent that defendant is permitted to submit a particularized application for costs, to which plaintiff may respond"); id. at 10 n.5 ("Defendant also requests *all costs and fees*, including attorneys' fees, associated with the making of [its motion for a protective order]. . . . Defendant's request for costs and fees *with each of the instant motions* is discussed infra . . . ." (emphases added)); id. at 14 ("As the prevailing party on the instant *motions*, defendant is therefore entitled to the reasonable attorneys' fees and costs incurred in defending against plaintiff's motion to compel." (emphasis added)); see also id. at 15 ("Defense counsel is to submit an affidavit of its reasonable attorneys' fees and costs *associated with* defending against plaintiff's motion to compel . . . ." (emphasis added)).) Accordingly, Defendant's application for costs incurred in connection with both its opposition to Plaintiff's motion to compel and its affirmative, responsive motions were authorized by Judge Azrack's April 1, 2011, Memorandum and Order and this court's opinion upholding that decision.

Second, the scope of relief awarded in the R&R comports with the language and purpose of Rule 37. That rule presumptively requires the award of reasonable attorneys' fees and costs "incurred in opposing" the unsuccessful motion to compel. Fed. R. Civ. P. 37(a)(5)(B).

Defendant's motion for a protective order and its motion to strike were filed after receiving, and in direct response to, Plaintiff's unsuccessful motion to compel as part of a single discovery dispute. For the same reason that fees incurred in connection with a fees motion itself are compensable, see Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999), all of Defendant's requested relief was "incurred in opposing" the motion to compel; these fees and costs were incurred but for and because of Plaintiff's unsuccessful motion, see Fox, 131 S.Ct. at 2216. Indeed, courts have awarded fees and costs beyond those solely relating to an opposition to a motion to compel. See, e.g., Romeo and Juliette, 2013 WL 3322249, at *4 (awarding fees and costs in connection with both offensive and defensive discovery submissions); Estate of Davis v. Trojer, 287 F. Supp. 2d 455, 456 (S.D.N.Y. 2003) (awarding sanctions under Rule 11 "incurred in opposing [a baseless motion] and in making its cross-motion [for sanctions]"); Monaghan v. SZS 33 Assocs., L.P., 148 F.R.D. 500, 510-11 (S.D.N.Y. 1993) (awarding, for failure to produce certain documents that created unnecessary litigation, costs and fees incurred in (1) defending a motion for summary judgment; (2) appealing the grant of summary judgment; (3) bringing two motion to vacate judgment; and (4) filing the sanctions motion); cf. S J Berwin & Co. v. Evergreen Entm't Grp., Inc., No. 92-CV-6209 (WK), 1994 WL 501753, at *2 (S.D.N.Y. Sept. 14, 1994) (refusing to award attorneys' fees for discovery work performed *before* receiving the meritless motion to compel).

Similarly, Defendant's costs and expenses sustained in connection with its opposition to Plaintiff's appeal of Judge Azrack's April 1, 2011, Memorandum and Order are compensable under Rule 37. These costs were necessary to ensure that Plaintiff's motion to compel was not granted by this court. They were therefore incurred but for and "in opposing" Plaintiff's motion. Fed. R. Civ. P. 37(a)(5)(B); see Fox, 131 S.Ct. at 2216.

These conclusions are also supported by the objective of all fee-shifting awards, including those granted under Rule 37: to promote "rough justice." Fox, 131 S.Ct. at 2216; Romeo and Juliette, 2013 WL 3322249, at *3. Here, Plaintiff invited Defendant's reasonable and proportionate responses when it filed its ultimately ineffective motion to compel. Defendant's submissions all concerned the same discovery dispute that Judge Azrack adjudicated in a single, comprehensive opinion. That Plaintiff's motion warranted responsive motion practice is entirely Plaintiff's doing and should be accounted for in the interests of justice.

Finally, Plaintiff's concern over the purported lack of notice of the scope of the costs award is misplaced. (See Pl. Obj. at 3-4.) Defendant requested the reimbursement of its costs and fees incurred in connection with both its offensive and defensive discovery submissions. (See Mot. to Compel Opp'n at 23-24; Mot to Strike Mem. at 23-24; Mot. for Protective Order at 2.) Having been placed on such notice, Plaintiff did not oppose these requests. (See Apr. 1, 2011, Mem. & Order at 13.) After Judge Azrack issued her April 1, 2011, Memorandum and Order that reasonably conveyed the scope of her award of attorneys' fees, Plaintiff did not specifically appeal the breadth of this decision, arguing only that its motion to compel was substantially justified. (See Pl. Appeal (Dkt. 56) at 25.) And regardless of this history, Plaintiff has had a full and fair opportunity to litigate the appropriateness of a sanctions award de novo before this court. Thus, any concern about lack of notice is misguided.

For these reasons, Plaintiff's objection is overruled and the portion of Judge Azrack's R&R recommending an award of fees and costs Defendant incurred in opposing Plaintiff's motion to compel; filing a motion for a protective order; filing a motion to strike; and responding to Plaintiff's appeal of Judge Azrack's denial of the motion to compel is adopted.

### B.     Proper Hourly Rate

Plaintiff next argues that Judge Azrack improperly used attorneys' fees rates above $125 per hour, the rate offered by Plaintiff. This objection is also overruled.

The Second Circuit has made clear that to determine the appropriate hourly rate when awarding attorneys' fees, the court should take "judicial notice of the rates awarded in prior cases[, utlize] the court's own familiarity with the rates prevailing in the district," and perform "an evaluation of evidence proffered by the parties." Farbotko v. Clinton Cnty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008).

Plaintiff argues that because Defendant only addressed the prevailing rates in the Southern District of New York, the only evidence from which Judge Azrack could have determined the appropriate fee was Plaintiff's proposed rate. (Pl. Obj. at 4-5.) In other words, Plaintiff contends that its position must win by default. But this proposed analysis is too limited and would essentially foreclose the court from taking "judicial notice of the rates awarded in prior cases" or using "the court's own familiarity with the rates prevailing in the district." Farbotko, 433 F.3d at 209. Judge Azrack properly considered the parties' submissions and, in accordance with her knowledge of prevailing rates in the Eastern District of New York, awarded rates ranging from $165 to $425. (See R&R at 11-13, 15.)

Accordingly, the court agrees with Judge Azrack's reasoning entirely and awards the rates set forth in in the R&R. (See id. at 15.)

### C.     Unnecessary Work

According to Plaintiff, the attorneys' fee award should be reduced by 8.2 hours for the following "wasteful" work: (1) 1.6 hours billed by a paralegal on November 3, 2010, for

8

breaking down a PDF file into smaller files; (2) 0.4 hours billed on November 3, 2010, for retrieving the docket via PACER and consulting with another attorney; and (3) 6.2 hours billed on November 29, 2010, for redundant researching. (See Pl. Obj. at 6-7.) The court disagrees.

The purpose of fee shifting is to effectuate "rough justice"; trial courts "need not, and indeed should not, become green-eyeshade accountants." Fox, 131 S.Ct. at 2216. District courts may "tak[e] into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Id. Here, the attorneys' fee award recommended by Judge Azrack is entirely reasonable and accomplishes these purposes. To perform line-edits of Defendant's counsel's activities is unnecessary and indeed improper.[1] See id. Rather, taken as a whole, the amount awarded—particularly considering certain downward adjustments recommended by Judge Azrack (see R&R at 10-13 (recommending attorney rates lower than those proffered by Defendant); id. at 14 (recommending a 5% across-the-board reduction in the number of hours spent))—sufficiently achieves the goals of Rule 37 and of fee-shifting generally. Thus, this portion of Judge Azrack's R&R is adopted in full.

D.  **Remainder of the R&R**

The court has reviewed the remainder of the R&R to which there have been no specific objections for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding none, the court adopts these portions of the R&R in their entirety.

---

[1] Having independently reviewed the challenged entries in an abundance of caution, the court finds them reasonable and appropriate.

9

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections are OVERRULED and Judge Azrack's R&R is ADOPTED in its entirety. Defendant is awarded $66,403.98, comprised of $62,805.31 in attorneys' fees and $3,598.67 in costs.

SO ORDERED.

Dated: Brooklyn, New York
       August 20, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge